**BURSOR & FISHER, P.A.**
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ykrivoshey@bursor.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARAINE WOOD, individually and on behalf of all other similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> FARMERS GROUP INC., <br><br> Defendant. | Case No. 2:22-cv-6103 <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Laraine Wood ("Plaintiff"), on behalf of herself and all others similarly situated, allege the following on information and belief against Farmers Group Inc. ("Farmers" or "Defendant") regarding Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") for unsolicited telemarketing calls made by or on behalf of Defendant.

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

2. This Court has personal jurisdiction over Defendant because Defendant resides in this District.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant's principal place of business is located in this District.

## PARTIES

4. Plaintiff Laraine Wood, at all times mentioned herein, has resided in and has been a citizen of the State of Arizona.

5. Defendant, Farmers Group Inc., is a corporation under the laws of Nevada, with a principal place at 6301 Owensmouth Ave., Woodland Hills, California 91367. Defendant conducts its insurance coverage business in this District and throughout the United States.

## FACTUAL BACKGROUND

6. Plaintiff's residential phone number has been registered on the National Do-Not-Call Registry since March 25, 2021.

7. On May 26, 2021, Defendant and/or an agent operating on behalf of the Defendant contacted Plaintiff on her cellular telephone from the number (928) 900-0782. Plaintiff rejected this call.

CLASS ACTION COMPLAINT 1

8. On June 6, 2021, Defendant and/or an agent operating on behalf of the Defendant contacted Plaintiff on her cellular telephone from the number (928) 900-0782. Plaintiff answered this call.

9. Defendant and/or an agent operating on behalf of the Defendant asked a series of questions to Plaintiff including: whether Plaintiff owned a home and/or car insurance policy, if Plaintiff could verify her car make and model, her martial status, zip code, date of birth, if Plaintiff owned or rented a residence, how much Plaintiff paid for insurance, and if Plaintiff owned another car.

10. Defendant and or an agent operating on behalf of the Defendant then transferred Plaintiff to a Farmers' insurance agent for a quote on home and auto insurance policies.

11. The purpose of these calls was to market insurance policies for Defendant.

12. Prior to the calls at issue in this action, Ms. Wood had not had any contact with Defendant nor used any of Defendant's services. She has never consented in writing, or otherwise, to receive telephone calls from Defendant.

13. Defendant and/or its agent called Plaintiff repeatedly despite the fact that her number was listed on the National Do Not Call Registry suggests that it does not screen numbers against the registry before placing calls.

14. Plaintiff is not alone in receiving these unsolicited telemarketing calls from Defendant and/or Defendant's agent, as multiple people have filed complaints with the FTC:

**928-900-0782**

Complaint Level

Low — Medium — High

0 User Complaints   4 Complaints to the FTC

15. Defendant knowingly made (and continues to make) unsolicited telemarketing calls to the telephones of Plaintiff and other consumers despite the fact that their numbers were on the National Do Not Call Registry.

16. In making these calls, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

## CLASS ALLEGATIONS

17. Plaintiff brings this action on behalf of herself, and all other persons similarly situated.

18. **Class Definition**: Plaintiff brings this Complaint against Defendant, pursuant to Federal Rule of Civil Procedure 23, individually and on behalf of a class defined as all persons in the United States whose numbers are listed on the national do-not-call registry, and received two or more telemarketing calls within any 12-month period from Defendant or its agents to their residential telephone number 31 or more days after the telephone number was listed on the national do-not-call registry (the "Class") at any time in the period that begins four years prior to the filing of the complaint in this action to the date that class notice is disseminated (the "Class Period").

19. Plaintiff represents, and is a member of, the proposed Class. Excluded from the Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

20. **Numerosity.** Plaintiff does not know the exact number of members in the proposed Class, but reasonably believes, based on the scale of Defendant's business, that the Class is so numerous that individual joinder would be impracticable.

21. **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the proposed Class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

22. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

23. The proposed Class can be identified easily through records maintained by Defendant.

24. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed class. Those common question of law and fact include, but are not limited to, the following:

   a. Whether Defendant and/or its agent was permitted to call class members for telemarketing purposes;

   b. Whether Defendant's conduct was knowing and/or willful;

  c. Whether Defendant is liable for damages, and the amount of such damages; and

  d. Whether Defendant should be enjoined from engaging in such conduct in the future.

25. **Typicality.** Plaintiff asserts claims that are typical of each member of the Class because they are all persons who received pre-recorded calls on their telephones without their prior express written consent. Plaintiff will fairly and adequately represent and protect the interests of the proposed class, and has no interests which are antagonistic to any member of the proposed class.

26. **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the proposed class, and has no interests which are antagonistic to any member of the proposed Class.

27. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

28. **Superiority.** A class action is the superior method for the fair and efficient adjudication of this controversy.

29. Classwide relief is essential to compel Defendant to comply with the TCPA.

30. The interest of the members of the proposed Class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

31. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the Class, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

32. Defendant has acted on grounds generally applicable to the proposed

Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Class as a whole appropriate.

33. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## COUNT I
### Knowing and/or Willful Violations of The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

34. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein. Plaintiff brings this claim individually and on behalf of the Class against Defendant.

35. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

36. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and members of the proposed Class are entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

37. Plaintiff and members of the proposed Class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

38. Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## COUNT II
### Violations of The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

39. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein. Plaintiff brings this claim individually and on

behalf of the Class against Defendant.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

41. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed Class are entitled to an award of $500.00 in statutory damages for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

42. Plaintiff and members of the proposed Class are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

43. Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed Class the following relief against Defendant:

(a) Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

(b) As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

(c) As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

(d) An award of attorneys' fees and costs to counsel for Plaintiff and the proposed Class;

  (e) An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate the Class, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firm representing Plaintiff as counsel for the Class; and

  (f) Granting such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: August 24, 2022    Respectfully submitted,

            **BURSOR & FISHER, P.A**.

            By: /s/ *Yeremey Krivoshey*

            Yeremey O. Krivoshey (State Bar No. 295032)
            1990 North California Boulevard, Suite 940
            Walnut Creek, CA 94596
            Telephone: (925) 300-4455
            Facsimile: (925) 407-2700
            E-mail: ykrivoshey@bursor.com

            *Counsel for Plaintiff*